

FILED
JUN 17 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:03CR79–HEH |
| | ) | Civil No. 3:12CV554–HEH |
| DANE CLARK, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Dane Clark ("Clark"), a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Mot."). Clark's § 2255 Motion contains seventeen (17) separately delineated grounds for relief. (Mem. Supp. § 2255 Mot. 1–3, ECF No. 224). Nevertheless, many of grounds for relief are entirely duplicative or simple variants of a previously stated ground.[1] Specifically, Clarks demands relief upon the following grounds, which are restated verbatim:

A.  The Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution during plea negotiations, leading to the entry of an invalid plea.

B.  The Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment at sentencing, when counsel failed to object to the Petitioner being held accountable for acts of a conspiracy of which the Petitioner was not a member.

---

[1] Counsel for Clark prepared the first two grounds for relief, and simply adopted Clark's *pro se* arguments for the remaining fifteen (15) grounds for relief. (Mem. Supp. § 2255 Mot. 14.)

C.   Counsel provided ineffective assistance, leading to the entry of an invalid plea, in that counsel failed to raise a statute of limitations defense.

D.   The district court lacked jurisdiction to accept the guilty plea as the statute of limitations had expired.

E.   The Petitioner entered an invalid plea due to counsel's ineffectiveness, in that counsel failed to consult a private investigator who could have proved that the Petitioner was not involved in the conspiracy after 1998.

F.   The Petitioner entered an invalid plea based upon counsel's ineffectiveness, as counsel failed to compel a witness to testify that the Petitioner was not involved in the conspiracy after 1998. As a result, the drug amount attributed to the Petitioner for purposes of sentencing was greater than it should have been.

G.   The Petitioner entered an involuntary plea as a result of counsel's ineffectiveness, as the Petitioner was actually innocent of the money laundering charge.

H.   The Petitioner entered an involuntary plea as a result of counsel's ineffectiveness, as the Petitioner was actually innocent of the money laundering charge.

I.   The Petitioner entered an involuntary plea as a result of counsel's ineffectiveness, as the money laundering conviction was in violation of the protection against double jeopardy. Further, the money laundering offense resulted in double counting at sentencing.

J.   The Petitioner entered an involuntary plea as a result of counsel's ineffectiveness, as counsel failed to challenge Counts One and Nine of the indictment upon grounds of multiplicity.

K.   The waiver of the Indictment as to Count One and the subsequent pleading to the new information after the statute of limitations expired stripped the court of jurisdiction and rendered the plea invalid based upon counsel ineffectiveness.

L.   The waiver in the plea agreement preventing the raising of a statute of limitations claim was invalid, as the statute of limitations having expired made the plea invalid.

2

M.   The Petitioner entered an invalid plea based upon counsel's ineffectiveness, in that counsel induced the plea by misleading the Petitioner regarding the potential sentence to be faced.

N.   The Petitioner entered an invalid plea based upon ineffective assistance of counsel provided at sentencing.

O.   The Petitioner entered an invalid plea based upon ineffective assistance of counsel provided at sentencing.

P.   Counsel provided ineffective assistance on appeal.

Q.   The Petitioner should receive an evidentiary hearing on these issues.

(*Id.* at 1–3.)  For Grounds C through Q, Clark states these grounds are "put forth and briefed in Attachment B, which is a supplemental pleading prepared by the Petitioner in a *pro se* fashion." (Mem. Supp. § 2255 Mot. 14.)  No Attachment B was filed with the Court.[2]  As such, many of these grounds are subject to summary dismissal because they "state[ ] only bald legal conclusions with no supporting factual allegations." *Sanders v. United States*, 373 U.S. 1, 19 (1963).  Nevertheless, where possible, the Court has sought to address the issues that lie at the root of his inchoate grounds for relief.

Finally, on May 26, 2015, Clark proceeded without counsel, and filed a "Motion for Leave to Supplement His Impending Motion to Vacate, Set Aside, or Correct His Sentence." ("Mot. to Amend," ECF No. 239.)  Clark has moved to amend his § 2255 Motion to include an additional claim that counsel performed deficiently by failing to challenge the Indictment and the Criminal Information.  Specifically, Clark asserts that:

---

[2] Clark attached two documents marked "Attachment A." These include a one-page document labeled, "AFFIDAVIT OF DANE CLARK" and an eleven-page document labeled, "AFFIDAVIT IN SUPPORT OF CLARK'S 28 U.S.C. § 2255 MOTION."  The Court has reviewed both documents in denying Clark's § 2255 Motion.

> Where an indictment charges a dual object conspiracy to distribute and possess with intent to distribute a controlled substance, since each object has its own penalty attached to it depending upon the conduct, the Government must apportion quantity amongst the distinct objects in order to comply with the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny.

(*Id.* at 2.) Clark insists that the "charging instrument[s] contained no allegation concerning the quantity of drugs involved in each object of the conspiracy." (*Id.* at 3.)

For the reasons set forth below, Clark's § 2255 Motion will be denied, the Motion to Amend will be granted, and Clark's amended claim will be dismissed.

## I. PROCEDURAL HISTORY

On March 6, 2003, Clark was charged with two (2) counts in a nine-count Indictment with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more marijuana (Count One) and conspiracy to launder money (Count Nine). (Indictment, ECF No. 45.)

On May 13, 2010, Clark pled guilty to Count Nine and a criminal information charging that "beginning in or about 1997 . . . and continuing until in or about 2002," Clark conspired to distribute and possess with intent to distribute 100 kilograms or more of marijuana. (Criminal Information 1, ECF No. 190; Plea Agreement 1, ECF No. 194.) Clark acknowledged in a Statement of Facts accompanying the Plea Agreement, that had the matter proceeded to trial, the United States could have proven the following facts beyond a reasonable doubt:

> 1. Beginning in or about 1997, the exact date being unknown, and continuing until in or about 2002, in the Eastern District of Virginia and within the jurisdiction of this Court, DANE CLARK, a.k.a. "Oral Merchant," a.k.a. "Darrell Howell," a.k.a. "Paul Grier," did knowingly,

4

intentionally, and unlawfully combine, conspire, confederate and agree with others to distribute and possess with the intent to distribute 100 kilograms or more of a mixture and substance containing detectable amounts of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841.

2. Beginning in or about 1997, the exact date being unknown, and continuing until in or about 2002, in the Eastern District of Virginia and within the jurisdiction of this Court, DANE CLARK, a.k.a. "Darrell Howell," a.k.a. "Paul Grier," did knowingly, willfully, and unlawfully combine, conspire, confederate and agree with others, knowing that property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I).

3. Beginning in or about 1997, DANE CLARK, a.k.a. "Oral Merchant," a.k.a. "Darrell Howell," a.k.a. "Paul Grier," joined into the conspiracies set out in paragraphs 1 and 2, above. The parties agree that the Court will determine the specific length of time defendant remained involved in those conspiracies.

4. It was part of the conspiracies that DANE CLARK, a.k.a. "Oral Merchant," a.k.a. "Darrell Howell," a.k.a. "Paul Grier," and others would transport and have various couriers transport money to Texas, California, and New York for the purpose of purchasing multiple kilogram quantities of marijuana.

5. It was part of the conspiracies that DANE CLARK, a.k.a. "Oral Merchant," a.k.a. "Darrell Howell," a.k.a. 'Paul Grier," and others would obtain multiple kilogram quantities of marijuana from sources of supply in Texas, California, and New York and have various couriers transport that marijuana to Virginia for distribution by DANE CLARK, a.k.a. "Oral Merchant," a.k.a. "Darrell Howell," a.k.a. "Paul Grier,' and others.

6. It was part of the conspiracies that DANE CLARK, a.k.a. "Oral Merchant," a.k.a. "Darrell Howell," a.k.a. "Paul Grier," and others would pay for the multiple kilogram quantities of marijuana with thousands of dollars in United States currency that was the proceeds of the distribution of marijuana.

7. It was part of the conspiracies that DANE CLARK, a.k.a. "Oral Merchant," a.k.a. "Darrell Howell," a.k.a. "Paul Grier," and others would pay the couriers for transporting currency and marijuana for the conspiracies with United States currency that was the proceeds of marijuana.

8. It was part of the conspiracies that DANE CLARK, a.k.a. "Oral Merchant," a.k.a. "Darrell Howell," a.k.a. "Paul Grier," and others would pay for travel, including airplane tickets and hotel rooms, with United States currency that was the proceeds of marijuana.

9. Later in the conspiracies, DANE CLARK, a.k.a. "Oral Merchant," a.k.a. "Darrell Howell," a.k.a. "Paul Grier," left the Virginia area, but continued to obtain multiple kilogram quantities of marijuana, some of which he sold in exchange for United States currency to members of the conspiracies still in Virginia.

(Statement of Facts 1–3, ECF No. 195.) At the Plea Hearing, Clark took exception to the facts listed in Paragraph 9 of the Statement of Facts and the parties agreed to litigate at sentencing how long Clark remained an active member of the conspiracies. (May 13, 2010 Tr. 22–24.) During the course of the Plea Hearing, Clark acknowledged that he faced up to forty (40) years in prison as a result of his convictions. (*Id.* at 10.) Clark further acknowledged that the Plea Agreement did not bind the Court with respect to sentencing and that no one had promised anything other than what was contained in the Plea Agreement. (*Id.* at 13–16.) Further, Clark assented that counsel's prediction as to sentencing was only a prediction and not a promise or guarantee. (Plea Agreement 3.)

On August 9, 2010, Clark filed a Motion to Compel Disclosure of Defendant's Travel History. (ECF No. 202.) In that motion, Clark sought to have the Government produce records of his travel to and from the United States during the period of 1997 through 2003 to support Clark's assertion that he was absent from the United States and not responsible for many of the drug transactions the Government sought to attribute to him.[3]

---

[3] At sentencing, the Court denied Clark's Motion to Compel. (Aug. 30, 2010 Tr. 114.) The Court found that Clark's periodic absences from the United States were not terribly probative as to whether Clark had ceased to be a member of the conspiracy. (*Id.* at 111.) The record demonstrated that Clark orchestrated

On August 30, 2010, the Court conducted a lengthy sentencing hearing. The Court concluded that between the years of 1997 and 1998, the conspiracy distributed approximately 2,640 pounds of marijuana. (Aug. 30, 2010 Tr. 110.) No significant dispute existed as to this amount.

Clark, however, argued that after 1998, he quit the conspiracy and went to Jamaica. (*See, e.g.*, Aug. 30, 2010 Tr. 101.) The evidence, however, refuted that argument. In July 1998, Paul Henry, one Clark's co-conspirators, was arrested with roughly 270 pounds of marijuana. (*Id.* at 48.) As a result of Henry's arrest, Clark became scared and left Virginia and went to stay in New York or the District of Columbia. (*Id.* at 49.) Between July 1998 and roughly the beginning of 1999, another conspirator, Delroy Wilson, without much success, attempted to employ sources of supply other than Clark. (*Id.* at 49.)

Beginning in 1999, Wilson reconnected with Clark. (*Id.* at 49.) Clark arranged for Wilson to obtain marijuana from Oli, a supplier in New York. (*Id.* at 50.) Between 1999 and September 2001, Wilson made at least fifty (50) trips to New York where he obtained at least 100 pounds of marijuana per trip. (*Id.* at 50–51.) Clark served as the connection between Wilson and Oli. (*Id.* at 50–52.) Although Clark was not present for each transaction, Clark called Wilson and made it clear to Wilson that he could not utilize

---

Oli's supply of marijuana to Wilson, even if Clark was not present in person at each transaction. Moreover, Clark could not establish his presence outside of the United States simply by producing travel documents bearing the name of Oral Merchant to suggest Clark was situated in Jamaica or some other location during a given period. Clark had an extensive history of utilizing numerous alias and false identifications. Thus, during any given period, Clark could have been traveling under a different name.

Oli as a source of supply for marijuana unless Wilson ran the transaction through Clark. (*Id.*)

The Court concluded that for relevant conduct purposes, under the most conservative estimate, Clark should be held accountable for 5,000 pounds of marijuana for the time between 1999 and September 2001. (*Id.* at 110.) This resulted in a base offense level of 34. (Presentence Report Worksheet A, at 1.) Clark received a four-level enhancement under United States Sentencing Guideline ("USSG") § 3B1.1(a), and two-level reduction for acceptance of responsibility resulting in a total offense level of 38. (Presentence Report Worksheet D, at 1.) Clark was a criminal history category I, resulting in a restricted guideline range of 235 to 240 months of imprisonment. (*Id.*) The Court sentenced Clark to 240 months of imprisonment. (J. 2, ECF No. 209.)

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S.

8

at 694.  In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice.  *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Clark's assertion that he would not have pled guilty had he received better assistance from counsel is not dispositive of the issue.  *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995).  Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty."  *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (citation omitted) (citing *Hill*, 474 U.S. at 59–60).  The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty.  *See id.* at 369–70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."  *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).  Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false."  *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quotation marks

9

and citations omitted). Accordingly, the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.

## III. ANALYSIS

### A.    Involuntariness of Plea—Claims A, G, H, M

In Claim A, Clark first asserts that he failed to receive the effective assistance of counsel in conjunction with his plea because "[d]efense counsel promised a lesser sentence should the Petitioner enter a guilty plea" and promised to investigate Clark's assertion that he withdrew from this conspiracy. (§ 2255 Mot. 5.) Clark's assertion that his plea was materially induced by counsel's promises is palpably incredible in light of Clark's representations during his Rule 11 colloquy that he was not relying on any promises outside of the Plea Agreement in deciding to plead guilty. *See Lemaster*, 403 F.3d at 221. Moreover, the Rule 11 colloquy cured any alleged failure on counsel's behalf concerning the sentence Clark could expect to receive. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) (quoting *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992)). Accordingly, this aspect of Claim A lacks merit and will be dismissed. For similar reasons, Claim M[4] lacks merit and will be dismissed.

---

[4] In Claim M, Clark contends that he "entered an invalid plea based upon counsel's ineffectiveness, in that counsel induced the plea by misleading the Petitioner regarding the potential sentence to be faced." (Mem. Supp. § 2255 Mot. 2.)

In another part of Claim A and in Claims G and H,[5] Clark contends that he failed

to receive effective assistance of counsel with respect to the money laundering charge

because "Petitioner was actually innocent of the money laundering charge." (§ 2255

Mot. 5.)  This assertion is "patently frivolous or false," *Lemaster*, 403 F.3d at 221

(quotation marks and citations omitted), given Clark's admissions at his plea colloquy.

(May 13, 2010 Tr. 19–21; Statement of Facts 1.)  Accordingly, this aspect of Claim A, as

well as the remainder of Claim A will be dismissed.  Claims G and H will also be

dismissed.

### B.      Withdrawal from the Conspiracy—Claim B

In Claim B, Clark contends he failed to receive effective assistance of counsel at

sentencing because counsel failed to "present evidence that the Petitioner had withdrawn

from the conspiracy in August 1998, and therefore should not have been subject to being

sentenced upon conspiratorial activities occurring after that date." (Mem. Supp. § 2255

Mot. 13.)[6]  Specifically, Clark contends counsel should have presented travel documents

at sentencing that could have demonstrated that Clark was out of the country beginning in

August 1998 to support Clark's assertion that he had withdrawn from the conspiracy.

Clark has now presented such documents.  As discussed in footnote 3 above, the Court

explained at sentencing that those travel documents are utterly unpersuasive with respect

---

[5] In Claims G and H, Clark contends counsel was deficient and he was actually innocent of the money laundering charge.

[6] In conjunction with this ground for relief, Clark also recites alleged inconsistencies in the Government's version of the conspiracy's activities prior to August of 1998. (*See, e.g.*, Mem. Supp. § 2255 Mot. 13–14.)  Clark, however, fails to direct the Court to anything that would suggest that for purposes of relevant activity he should be held accountable for less than 2,640 pounds of marijuana for his activities prior to August of 1998.

to demonstrating Clark's permanent withdrawal from the conspiracy, and such documents continue to be unpersuasive. Moreover, Clark fails to direct the Court to any persuasive evidence that would alter the Court's conclusion as to how much marijuana should be attributed to him for purposes of relevant conduct. Accordingly, Claim B will be dismissed because Clark fails to demonstrate any prejudice.

      **C.**    **Statute of Limitations Related Claims—Claims C, D, K, and L**

      In Claim C, Clark states, "Counsel failed to investigate a defense that the statute of limitations was violated herein regarding Counts One and Nine. The Petitioner was indicted for involvement in the conspiracy in March, 2003. The Petitioner was not brought before this Court to answer the [I]ndictment until January 25, 2010." (§ 2255 Mot. 8 (spelling corrected).)

      The pertinent statute provides: "(a) In general.--Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). Furthermore, for conspiracy offenses, such as those to which Clark pled, the "statute of limitations . . . runs from the last overt act during the existence of the conspiracy." *Fiswick v. United States*, 329 U.S. 211, 216 (1946) (citation omitted). Additionally, the conspiracy, once established, "is presumed to continue unless or until the defendant shows that it was terminated or he withdrew from it." *United States v. Walker*, 796 F.2d 43, 49 (4th Cir. 1986) (citations omitted). The "mere cessation of activity in furtherance of the conspiracy is insufficient. The defendant must show affirmative acts inconsistent with

the object of the conspiracy and communicated in a manner reasonably calculated to reach his co-conspirators." *Id.* (citations omitted).

Here, the Indictment was filed on March 6, 2003. The Indictment charged members of the conspiracy with engaging in overt acts in furtherance of their marijuana distribution and money laundering conspiracies after March 6, 1998. (*See, e.g.,* Indictment 6–7, 14–15.) Furthermore, Clark acknowledged at his Rule 11 proceedings, and even during these post-conviction proceedings, that he continued to participate in these conspiracies into July of 1998. (Mem. Supp. § 2255 Mot. Attach. A ¶ 1 ("May 1997 to July of 1998, Petitioner worked as a handy man for Mr. Paul Henry").) Thus, counsel reasonably eschewed advancing a statute of limitations challenge to Counts One and Nine as charged in the Indictment. Furthermore, given Clark's inevitable conviction on those charges, counsel reasonably agreed to waive a statute of limitations defense to a new criminal information charging a lessor quantity of marijuana, if the Government would permit Clark to plead to that lessor offense.[7] Given these circumstances, Clark fails to demonstrate deficiency or prejudice. Accordingly, Claims C and K will be dismissed.

Furthermore, Clark's assertions that some issue with the statute of limitations deprived the Court of jurisdiction or rendered his plea invalid are procedurally defaulted and lack merit.[8] *See United States v. Williams*, 684 F.2d 296, 299 (4th Cir. 1982)

---

[7] In Claim K, Clark asserts that "[t]he waiver of the indictment as to Count One and the subsequent pleading to the new information after the statute of limitations expired stripped the court of jurisdiction and rendered the plea invalid based upon counsel ineffectiveness." (Mem. Supp. § 2255 Mot. 2.)
[8] In Claim D, Clark asserts that "[t]he district court lacked jurisdiction to accept the guilty plea as the statute of limitations had expired." (Mem. Supp. § 2255 Mot. 2.) In Claim L, Clark contends that "[t]he

(citations omitted) ("The statute of limitations set forth in 18 U.S.C. § 3282 is not jurisdictional. It is an affirmative defense that may be waived."). Accordingly, Claims D and L will be dismissed.

### D. Remaining Claims of Ineffective Assistance of Counsel

In Claim E, Clark contends that his plea was invalid because counsel failed to consult a private investigator who could have proven that Clark was not involved in the conspiracy after 1998. In Claim F, Clark asserts that his plea was involuntary because counsel failed to compel some unidentified witness to testify that he was not involved in the conspiracy after 1998. Clark, however, fails to produce an affidavit from any investigator[9] or other witness who could demonstrate that Clark ceased all involvement with the conspiracy after 1998. Therefore, Clark, again, fails to demonstrate deficiency or prejudice. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (observing that where a petitioner faults counsel for not calling a witness, the petitioner should provide "concrete evidence of what [the witness] would have testified to in exculpation"); *Bassette v. Thompson*, 915 F.2d 932, 940–941 (4th Cir. 1990) (dismissing claims where petitioner failed to make an adequate proffer of testimony of witness). Claims E and F will be dismissed.

In Claim I, Clark asserts that he failed to receive the effective assistance of counsel in that his plea to Count Nine is invalid "because the money laundering

---

waiver in the plea agreement preventing the raising of a statute of limitations claim was invalid, as the statute of limitations having expired made the plea invalid." (*Id.*)

[9] To the extent Clark contends that an investigator could have produced the travel documents he submitted in conjunction with his Reply to the Answer of the United States, as explained previously, given Clark's ability to conduct business by phone and his use of multiple aliases, Clark's travel documents fail to constitute persuasive evidence that he had withdrawn from the conspiracy.

conviction was in violation of double jeopardy." (Mem. Supp. § 2255 Mot. 2.) Clark

offers no facts or coherent legal argument to support this assertion. Accordingly, Claim I

will be dismissed because Clark fails to demonstrate deficiency or prejudice.

In Claim J, Clark faults counsel for failing "to challenge Counts One and Nine of

the [I]ndictment upon grounds of multiplicity." (*Id.*) "An indictment is multiplicitous if

it charges the same crime in two counts, subjecting the defendant to two punishments for

the same crime in violation of the Double Jeopardy Clause." *United States v. Outlaw*,

464 F. App'x 165, 166 (4th Cir. 2012) (citing *United States v. Goodine*, 400 F.3d 202,

207 (4th Cir. 2005)). Thus, a single count of an indictment cannot itself be

multiplicitous. Only where an indictment charges multiple statutory offenses premised

on the exact same conduct is the Double Jeopardy Clause implicated. *Goodine*, 400

F.3d at 207. So long as each charged offense contains at least one element that the others

do not, an indictment is not multiplicitous. *Id.* (citing *Blockburger v. United States*, 284

U.S. 299, 304 (1932)). Conspiracy to distribute and possess with intent to distribute

marijuana, and conspiracy to launder money clearly contain at least one element not

required by the other. Accordingly, counsel reasonably eschewed the challenge urged

here by Clark. Claim J will be dismissed because Clark fails to demonstrate deficiency or

prejudice.

In Claims N and O, Clark asserts that counsel's ineffective assistance at

sentencing renders his plea involuntary.[10] These claims lack merit for the reasons stated

---

[10] In Claims N and O, Clark asserts that "[t]he Petitioner entered an invalid plea based upon ineffective assistance of counsel provided at sentencing." (Mem. Supp. § 2255 Mot. 2–3.)

in conjunction with the dismissal of Claims A and B. Accordingly, Claims N and O will be dismissed.

In Claim P, Clarks contends that counsel provided ineffective assistance on appeal. Clark offers no facts in support of this claim. Thus, he fails to state a basis for § 2255 relief. *See Sanders*, 373 U.S. at 19. Accordingly, Claim P will be dismissed.

In Claim Q, Clark demands an evidentiary hearing. As the record conclusively demonstrates that Clark is entitled to no relief, Clark's request for an evidentiary hearing will be denied, and Claim Q will be dismissed.

### E.    Motion to Amend § 2255 Motion

Clark's Motion to Amend seeks to amend his § 2255 Motion to include an additional claim that counsel performed deficiently by failing to challenge the Indictment and the Criminal Information. Specifically, Clark asserts that:

> Where an indictment charges a dual object conspiracy to distribute and possess with intent to distribute a controlled substance, since each object has its own penalty attached to it depending upon the conduct, the Government must apportion quantity amongst the distinct objects in order to comply with the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny.

(Mot. to Amend 2.)

"Objects of a conspiracy may be pled conjunctively in a single count of an indictment and the jury may convict by finding the defendant agreed to any one of the objects pled." *United States v. Flattum*, No. 93–30126, 1994 WL 88887, at *2 (9th Cir. Mar. 21, 1994) (citing *United States v. Griffin*, 502 U.S. 46, 49–51 (1991); *United States v. Castro*, 887 F.2d 988, 993 (9th Cir. 1989)). Here, the Indictment charges that the

16

objects of the conspiracy were "to distribute and possess with intent to distribute 1000 kilograms or more . . . of marijuana . . . ." (Indictment 2.)  The Criminal Information charges that the object of the conspiracy was "distribute and possess with intent to distribute 100 kilograms or more . . . of marijuana . . . ." (Criminal Information 1.)

Clark incorrectly insists that the "charging instrument[s] contained no allegation concerning the quantity of drugs involved in each object of the conspiracy." (Mot. to Amend 3.)  He also fails to demonstrate that counsel acted deficiently, or that he was prejudiced by counsel not pursuing the objection to the charging instruments Clark urges here.  Clark's Motion to Amend (ECF No. 239) will be granted; however, his amended claim will be dismissed.

## IV. CONCLUSION

Clark's § 2255 Motion (ECF No. 223) will be denied, and the Motion to Amend (ECF No. 239) will be granted, but Clark's amended claim will be dismissed.  The action will be dismissed, and the Court will deny a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: June 16, 2015
Richmond, Virginia

17